Audra L. Thompson (CaBN 218479)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: +1 213 689 7400
Fax: +1 213 689 7401
E-mail: athompson@duanemorris.com

Matthew S. Yungwirth
(*admitted pro hac vice*)
Alice E. Snedeker
(*admitted pro hac vice*)
**DUANE MORRIS LLP**
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: +1 404 253 6900
Fax: +1 404 253 6901
E-mail: msyungwirth@duanemorris.com
          aesnedeker@duanemorris.com

*Counsel for Belkin International, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC dba VIVATO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 8:17-cv-00674-AG-JCG<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF BELKIN INTERNATIONAL, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:         Hon. Andrew Guilford<br>Action Filed:  4/13/2017 |

1

**Answer And Affirmative Defenses of Belkin International, Inc.**
**To Plaintiff's First Amended Complaint**                                      Case No. 8:17-cv-00674-AG-JCG

NOW COMES Belkin International, Inc. ("Belkin"), by and through its undersigned counsel, and hereby answers Plaintiff XR Communications LLC d/b/a Vivato Technologies' ("Vivato" or "Plaintiff") First Amended Complaint for Patent Infringement ("Complaint") as follows.

## JURISDICTION AND VENUE

1. Belkin admits that the Complaint purports to invoke the patent laws of the United States, 35 U.S.C. § 101, *et seq*. Belkin further admits that this Court has subject matter jurisdiction over patent-law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and accordingly denies them.

3. Belkin admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business at 12045 E. Waterfront Dr., Playa Vista, California 90094, and that it has a registered agent for service of process at National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Belkin admits that it has an office located at 121 Theory Dr., Irvine, CA 92617, and Belkin otherwise denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Belkin does not dispute that this Court has personal jurisdiction over it with respect to the instant action.

5. Belkin admits that venue is appropriate in the U.S. District Court for the Central District of California, that it has a principal place of business in this District, and that it has conducted business in this District. Belkin denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

## BACKGROUND OF THE TECHNOLOGY

6. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiff's Complaint, and accordingly,

2

Answer And Affirmative Defenses of Belkin International, Inc.
To Plaintiff's First Amended Complaint                    Case No. 8:17-cv-00674-AG-JCG

denies them.

7. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint, and accordingly, denies them.

8. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's Complaint, and accordingly, denies them.

## COUNT ONE:
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,062,296

9. Belkin admits that the '296 Patent is entitled "Forced Beam Switching in Wireless Communication Systems Having Smart Antennas" and that the '296 Patent states that it was issued on June 13, 2006. Belkin admits that what purports to be a true and correct copy of the '296 Patent is attached to the Complaint as Exhibit A. Belkin denies that the '296 Patent was duly and legally issued and denies that Vivato holds all rights and interest in the '296 Patent.

10. Belkin denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint, and accordingly, denies them.

12. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint, and accordingly, denies them.

13. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint, and accordingly, denies them.

14. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint, and accordingly, denies them.

3

Answer And Affirmative Defenses of Belkin International, Inc.
To Plaintiff's First Amended Complaint                                    Case No. 8:17-cv-00674-AG-JCG

15. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint, and accordingly, denies them.

16. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and accordingly, denies them.

17. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint, and accordingly, denies them.

18. Belkin denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Belkin denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Belkin denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Belkin denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Belkin denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Belkin denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Belkin denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Belkin denies the allegations in Paragraph 25 of Plaintiff's Complaint.

## COUNT TWO:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,729,728

26. Belkin admits that the '728 Patent is entitled "Forced Beam Switching in Wireless Communication Systems Having Smart Antennas" and that the '728 Patent states that it was issued on June 1, 2010. Belkin admits that what purports to be a true and correct copy of the '728 Patent is attached to the Complaint as Exhibit B. Belkin denies that the '728 Patent was duly and legally issued and denies that Vivato holds all rights and interest in the '728 Patent.

27. Belkin denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint, and accordingly, denies them.

29. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Complaint, and accordingly, denies them.

30. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint, and accordingly, denies them.

31. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint, and accordingly, denies them.

32. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Complaint, and accordingly, denies them.

33. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Complaint, and accordingly, denies them.

34. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Complaint, and accordingly, denies them.

35. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's Complaint, and accordingly, denies them.

36. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Complaint, and accordingly, denies them.

37. Belkin denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Belkin denies the allegations in Paragraph 38 of Plaintiff's Complaint.
39. Belkin denies the allegations in Paragraph 39 of Plaintiff's Complaint.
40. Belkin denies the allegations in Paragraph 40 of Plaintiff's Complaint.
41. Belkin denies the allegations in Paragraph 41 of Plaintiff's Complaint.
42. Belkin denies the allegations in Paragraph 42 of Plaintiff's Complaint.
43. Belkin denies the allegations in Paragraph 43 of Plaintiff's Complaint.
44. Belkin denies the allegations in Paragraph 44 of Plaintiff's Complaint.

## COUNT THREE:

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,611,231

45. Belkin admits that the '231 Patent is entitled "Wireless Packet Switched Communication Systems and Networks Using Adaptively Steered Antenna Arrays" and that the '231 Patent states that it was issued on August 26, 2003.  Belkin admits that what purports to be a true and correct copy of the '231 Patent is attached to the Complaint as Exhibit C.  Belkin denies that the '231 Patent was duly and legally issued and denies that Vivato holds all rights and interest in the '231 Patent.

46. Belkin denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Complaint, and accordingly, denies them.

48. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiff's Complaint, and accordingly, denies them.

49. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Complaint, and accordingly, denies them.

50. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Complaint, and accordingly, denies them.

51. Belkin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiff's Complaint, and accordingly, denies them.

52. Belkin denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Belkin denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Belkin denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Belkin denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Belkin denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Belkin denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Belkin denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Belkin denies the allegations in Paragraph 59 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

To the extent Plaintiff's Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, Belkin denies each and every allegation. Specifically, Belkin denies that Plaintiff is entitled to any such relief. Belkin further denies that any conduct on its part subjects Belkin or its other related entities to liability for damages, enhanced damages under 35 U.S.C. § 284, attorney's fees and costs under 35 U.S.C. § 285, pre-judgment or post-judgment interest, reimbursement of costs, or any other form of relief. Belkin asks that the Court dismiss the Complaint with prejudice.

## **ADDITIONAL DEFENSES**

Further answering Plaintiff's Complaint and as additional defenses thereto, Belkin states the following affirmative and other defenses, without admitting any allegation of the Complaint and without altering any burdens of proof otherwise applicable at law or equity.

### **First Affirmative Defense**

Belkin does not and has not infringed any valid and enforceable claim of the '296, '728 and '231 Patents, either directly, indirectly, contributorily, by inducement,

7

Answer And Affirmative Defenses of Belkin International, Inc.
To Plaintiff's First Amended Complaint                                              Case No. 8:17-cv-00674-AG-JCG

jointly, or in any other manner.

## Second Affirmative Defense

Upon information and belief, the claims of the '296, '728 and '231 Patents are invalid, at least in part, pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and/or the rules, regulations and laws pertaining thereto.

## Third Affirmative Defense

To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from Belkin's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

## Fourth Affirmative Defense

Plaintiff's claims of infringement against Belkin regarding the '296, '728, and '231 Patents are barred, and the patents are unenforceable against Belkin, due to the doctrines of estoppel, laches, license, waiver, and/or acquiescence.

## Fifth Affirmative Defense

Plaintiff's enforcement of the '296, '728, and '231 Patents is barred, in whole or in part, by the doctrine of prosecution history estoppel. Belkin is investigating the facts relating to the procurement of the '296, '728, and '231 Patents and the assertion of infringement against it, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Belkin reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### Reservation of Rights

Belkin is investigating the facts relating to the procurement of the '296, '728, and '231 Patents and the assertion of infringement against Belkin, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Belkin reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Belkin prays for relief as follows:

a. That the Court enter judgment in favor of Belkin and against Plaintiff on Plaintiff's claims and order that Plaintiff take nothing from Belkin;

b. That if this Court should find this case exceptional under 35 U.S.C. § 285, it award Belkin its fees in this action, including reasonable attorneys' fees;

c. That Belkin be awarded its costs in this action; and

d. That the Court grant Belkin such other and further relief as it deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Belkin further demands a trial by jury on all issues so triable.

Dated: July 10, 2017

**DUANE MORRIS LLP**

By: */s/ Matthew S. Yungwirth*
Audra L. Thompson
Matthew S. Yungwirth
(*admitted pro hac vice*)
Alice E. Snedeker
(*admitted pro hac vice*)

Counsel for
BELKIN INTERNATIONAL, INC.

9